UNITED STATES of America
v.
**Murray FRIEDLANDER, Appellant.**
No. 17613.

United States Court of Appeals
Third Circuit.

Argued Oct. 23, 1969.

Decided Nov. 19, 1969.

H. David Rothman, Pittsburgh, Pa. (Alvin D. Capozzi, Pittsburgh, Pa., on the brief), for appellant.

John H. Bingler, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, STALEY and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Murray Friedlander was convicted on two counts of violating 18 U.S.C. § 659, possession of goods stolen from interstate commerce. Count one involved possession of approximately twelve tons of copper wire and a quantity of electrical insulators which had been unlawfully removed from a truck en route from Warren, Ohio, to Rochester, New York. The second count involved possession of television sets, radios, and high fidelity consoles similarly taken from interstate commerce. Appellant was sentenced to four years on each count, sentences to run concurrently.

We have carefully considered each of the contentions of the appellant, and we find that they are totally without merit.

The judgment of the district court will be affirmed.

---

UNITED STATES of America,
Appellee,

v.

**Billy Austin BRYANT, Appellant.**

No. 13453.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1969.

Decided Nov. 13, 1969.

Gerald E. Williams, Arlington, Va., for appellant.

Brian P. Gettings, U. S. Atty., and Alfred D. Swersky, Asst. U. S. Atty., for appellee.

Before BRYAN and BUTZNER, Circuit Judges, and WIDENER, District Judge.

PER CURIAM:

To set aside his conviction of escape from the District of Columbia Reformatory at Lorton, Virginia, in violation of 18 U.S.C. § 751(a), Billy Austin Bryant assigns error to the trial court's reception at trial of a prosecution witness' answer on cross-examination. Assuming the ruling was erroneous, it was harmless. Certainly it does not justify reversal of the conviction, which is supported by copious evidence. Rule 52(a) F.R.Crim.P.

Affirmed.